

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| GANG CHEN,<br>           Petitioner,<br><br>vs.<br><br>PAMELA BONDI, *in her official capacity as Attorney General*, KRISTI NOEM, *in her official capacity as Acting Secretary of the Department of Homeland Security*, TERRANCE DICKERSON, *in his official capacity as Warden of Stewart Detention Facility*, and GEORGE STARLING, in his *official capacity as ICE Field Office Director*,<br>           Respondents. | Civil Action No. 9:25-5572-MGL |

**MEMORANDUM OPINION AND ORDER
DISMISSING PETITIONER'S HABEAS PETITION WITHOUT PREJUDICE**

### I.     INTRODUCTION

After Gang Chen (Chen) filed his habeas petition against the above-named Respondents, the Court filed an order to show cause, which invited Chen either to (1) file a motion to dismiss this petition without prejudice, or (2) file a reply to the Order showing cause why the Court should refrain from dismissing his petition without prejudice.  Chen chose to file a reply (Chen's Reply).

Having carefully considered the petition, Chen's Reply, the record, and the applicable law, the Court will dismiss Chen's petition without prejudice.

## II. PROCEDURAL HISTORY

According to Chen's Reply, "[a]t the time counsel submitted the Petition on behalf of [Chen], [he] was still in Charleston, South Carolina." Chen's Reply ¶ 24. This is within this Court's jurisdiction. Thus, his custodian was also within the Court's jurisdiction. But, he neglected to name that custodian in his petition.

As per Chen's Reply, he "is now being held in Folkston Detention Facility in Folkston, [Georgia]." *Id*. ¶ 26. Folkston Detention Facility and its warden are within the jurisdiction of the Southern District of Georgia. U.S. Dist. Ct. for the S. Dist. of Ga., *Court Info*, https://www.gasd.uscourts.gov/court-info (last visited June 25, 2025).

After Chen filed his petition, the Clerk "reached out to [Chen's] counsel to find out whether he meant to file a [temporary restraining order (TRO)] motion in the shell case when he filed the petition. He confirmed . . . it was his intension to file . . . that motion, and . . . he is out of town currently but will have those documents filed hopefully by [June 18, 2025]." June 17, 2025, Email from Clerk to Chambers at 1. Nevertheless, a full week later, Chen's counsel has yet to file a TRO motion.

The Court will explain below why it has decided to dismiss Chen's petition without prejudice.

## III. DISCUSSION AND ANALYSIS

In the Court's order to show cause, it laid out the relevant law:

> "The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show

2

> cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.
>
> "The consistent use of the definite article in reference to the custodian indicates . . . there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting 28 U.S.C. § 2242).
>
> Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id.* at 495 (citation omitted) (internal quotation marks omitted).
>
> "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than . . . the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445.

Order to Show Cause Order at 2.

The Court then went on to state the following:

> From this law and these facts, we know the following: the Court has jurisdiction over Chen's habeas petition only if it has jurisdiction over his current custodian. But, it does not.
>
> Chen's current custodian is the warden of Folkston Main, who is located, not within this Court's jurisdiction, but instead within that of the Southern District of Georgia. Accordingly, Chen's custodian's absence from the territorial jurisdiction of this Court appears to be fatal to its jurisdiction to consider the merits of his petition. This is why it seems the Court should dismiss Chen's petition without prejudice and suggest he refile it in the Southern District of Georgia.

> Further, it appears the Court should also dismiss the petition without prejudice on the basis Chen failed to name his custodian when he filed his petition and was being retained in Charleston.

*Id*. at 3.

In Chen's Reply, he wholly fails to engage with this law and the Court's application of the law to the facts in this case. Instead, he "seeks leave from the Court to allow this matter to proceed in South Carolina[ ] [and] "an Order from this Court ordering his return to South Carolina." Chen's Reply ¶¶ 46-47. But, he fails to offer any legal authority that would make the granting of such relief proper.

Chen does, however, offer an explanation of why he failed to name his custodian when he was being held in Charleston, South Carolina. He contends the following:

> Counsel . . . spoke to [Chen] via telephone on June 13, 2025. That phone call lasted only four . . . minutes. During that call, counsel instructed [Chen] to ask his custodian for the name of an agent in charge, as well as for the location of his detention facility,
>
> [Chen] informed the agent . . . his attorney was requesting this information. Counsel then heard an individual state . . . they would not tell him or his attorney anything. Counsel could then hear the phone wrestled from [Chen's] hands and hung up the receiver.
>
> All counsel's attempts to call the number from which [Chen] contacted counsel were fruitless. The reality of this situation is . . . the entire system has been designed to be so clandestine . . . it is nearly impossible to speak with any custodians of detainees. However, due to the clandestine nature and infrastructure created within this governmental agency, it is impossible to name a custodian because [Chen] was being held by nameless agents operating with *carte blanche*, while shrouded in secrecy.
>
> \* \* \* \* \*
>
> It is correct . . . [Chen] failed to name his current custodian, but [Chen] did name the executives that oversee these lower bureaucratic divisions. Respondents Bondi and Noem are under the jurisdiction of this Court, and [Chen] argues . . . because the detention occurred in South Carolina this Court should retain jurisdiction over [Chen].

4

> Should this Court issue a ruling to Respondents Bondi and Noem, then those executives have the authority to order [Chen]'s return to South Carolina. There should be no argument . . . [United States Immigration and Customs Enforcement] does not have the capability to house detainees in South Carolina, as [Chen] was housed in an unknown and unnamed facility somewhere in Charleston County, South Carolina for nearly five . . . days before arriving in Georgia.

Chen's Reply ¶¶ 16-25, 42-45. The Court notes Chen failed to submit an affidavit or other evidence to support these arguments.

When "the immediate custodian is unknown[,] . . . the writ is properly served on the prisoner's ultimate custodian." *United States v. Moussaoui*, 382 F.3d 453, 465 (4th Cir. 2004). In *Moussaoui*, the Fourth Circuit cited with approval *Demjanjuk v. Meese,* 784 F.2d 1114, 1116 (D.C. Cir. 1986) (Bork, Circuit Judge, in chambers), which held a petitioner properly named the Attorney General as the respondent in his habeas petition because the identity of his immediate custodian was unknown.

In determining it "appropriate, in these very limited and special circumstances, to treat the Attorney General of the United States as the custodian[,] [the Court held] [j]urisdiction will therefore lie in the D.C. Circuit and in no other jurisdiction. Should it become known . . . petitioner is held in a jurisdiction other than this one, . . . this circuit would be divested of jurisdiction." *Demjanjuk*, 784 F.2d at 1116.

This case seems to say the Attorney General may be the proper respondent until it is known where Chen is being held. But, "[s]hould it become known . . . [Chen] is held in a jurisdiction other than this one, . . . this [Court] would be divested of jurisdiction." *Id.* Thus, because Chen is being held in the Southern District of Georgia, as opposed to the District of South Carolina, the Court is "divested of jurisdiction." *Id.*

This is so because "[t]he plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Chen's immediate custodian is the person who "exercises day-to-day control" over his "physical custody," not the person who ordered such custody. *Rumsfeld*, 542 U.S. at 439.

Thus, inasmuch as Chen is presently confined in the Southern District of Georgia, that is where he should file his habeas petition. *See Trump v. J. G. G.*, 145 S. Ct. 1003, 1006 (2025) ("The detainees are confined in Texas, so venue is improper in the District of Columbia.").

Given this determination, it is unnecessary for the Court to discuss Chen's remaining arguments. *See Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 348 (2022) (Roberts, C. J., concurring in judgment) ("If it is not necessary to decide more to dispose of a case, then it is necessary not to decide more."); *see also Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

## IV. CONCLUSION

In light of the foregoing discussion and analysis, it is the judgment of the Court Chen's habeas petition is **DISMISSED WITHOUT PREJUDICE**.

To the extent Chen seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 25th day of June 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE